66D01-2304-CT-000007

Filed: 4/10/2023 4:13 PM
Clerk
Pulaski County, Indiana

Pulaski Superior Court

USDC IN/ND case 3:23-cv-00394-CCB   document 5   filed 04/10/23   page 1 of 7

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PULASKI COUNTY _____ COURT |
| | ) SS: | |
| COUNTY OF PULASKI | ) | CAUSE NO. _____ |

| | | |
|---|---|---|
| ROBIN D. DOWNING, Individually and as | ) | |
| Administrator of the Estate of Forrest | ) | |
| Blaker, III, and JUDY SCHUNTUBE | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| KUBOTA TRACTOR CORPORATION | ) | |
| And MORE FARM STORE, INC. | ) | |
| Defendants. | ) | |

## PLAINTIFFS' COMPLAINT FOR DAMAGES

### The Parties

Plaintiffs, Robin D. Downing, Individually and as Administrator of the Estate of Forrest Blaker III, and Judy Schuntube, by counsel, for their claim against the above-named Defendants, state:

1. Plaintiff, Robin D. Downing, Administrator of the Estate of Forrest Blaker III, brings this action for wrongful death on behalf of decedent Forrest Blaker III.

2. Plaintiff, Judy Schuntube, is Mr. Blaker, III's sister and dependent of Mr. Blaker, III.

3. Defendant Kubota Tractor Corporation ("Kubota") is the U.S. marketer and distributor of Kubota-engineered and manufactured machinery and equipment. Kubota is a Texas corporation registered to do business in the state of Indiana, with its principal place of business in Grapevine, Texas. Defendant can be served with process by serving its registered agent. Defendant is a subsidiary of Kubota

1

Corporation, a Japanese Multinational corporation based in Osaka, Japan. Kubota Corporation's revenue for the 2021 fiscal year was $19.9 billion.

4. Defendant More Farm Store, Inc. is a company doing business in the State of Indiana with a retail store that owned, operated, and maintained the Kubota Front Loader and Tractor that was purchased from Forrest Blaker, III on June 28, 2021.

5. Defendants sell tractors, mowers, utility vehicles, construction equipment, and hay/farm implements, among other machinery.

6. Defendants holds themselves out as a leading US marketer and distributor of Kubota engineered machinery, selling quality tested, comprehensive products inspected by the world's finest engineers.

7. At all times relevant hereto, decedent Forrest Blaker III was a resident of Winnemac, Indiana.

8. At all times relevant hereto, Defendant Kubota Tractor Corporation was a foreign corporation licensed and conducting business within the State of Indiana.

9. At all times relevant hereto, Defendant More Farm Store, Inc. was an Indiana corporation licensed and conducting business within the State of Indiana.

**JURISDICTION AND VENUE**

10. Defendants Kubota Tractor Corporation and More Farm Store, Inc. submitted themselves to the jurisdiction of this court by doing, personally and through its agents, at all times relevant to this action, the following acts:

    a. Committing a tortious act within this state by selling and delivering the Kubota M7060HD Tractor and Kubota Loader, including Subject Tractor and Loader, to persons, firms, or corporations in this state via its distributors,

2

    dealers, wholesalers, and/or brokers. Such tractors and equipment were used by consumers in Indiana in the ordinary course of commerce and trade;

b. Conducting and engaging in substantial business and other activities within the State of Indiana by selling the Kubota M7060HD Tractor and Kubota Loader, via its distributors, wholesalers, dealers, and/or brokers. Such tractors and equipment were used by consumers in Indiana in the ordinary course of commerce and trade;

c. The acts or omissions of Defendants caused injuries to persons within the State of Indiana, including the Plaintiff. At or about the time of said injuries, Defendant engaged in solicitation activities within the State of Indiana to promote the sale, consumption, use, maintenance, and/or repair of the Kubota M7060HD Tractor and Kubota Loader, including the Subject Tractor and Loader;

d. Selling the Kubota M7060HD Tractor and Kubota Loader, including the Subject Tractor and Loader, with knowledge or reason to foresee that those tractors would be shipped in interstate commerce and would reach the market of Indiana users and/or consumers, including the Plaintiff; and/or

e. Voluntarily qualifying to conduct business in the State of Indiana by registering with the Indiana Department of State and designating a resident agent for service of process within the State of Indiana.

11. Venue is proper as Plaintiff Robin D. Downing is a resident of Pulaski County.

## Count 1 – Wrongful Death

12. Plaintiffs incorporate by reference Paragraphs 1-11 as if fully set forth herein.

13. On June 28, 2021, Defendant Kubota Tractor Corporation, through its dealership, More Farm Stores, Inc., sold and delivered a new Kubota M7060HD Tractor, Serial ID # 87444 ("the Subject Tractor" or "the Tractor) and a Kubota Front Loader, Serial ID # B3620 ("the Subject Loader" or "Loader") to decedent Forrest Blaker III. A copy of the Retail Installment Contract is attached hereto as "Exhibit A."

14. On June 28, 2021, the Subject Tractor and Loader were substantially without

3

change from their original condition when the Tractor and Loader left the control of Defendants.

15. On September 1, 2021, decedent Forrest Blaker III, an experienced heavy equipment operator, was operating the Subject Tractor and Loader in the manner and for the purposes for which they were intended in Winnemac, Indiana, when he got off the tractor to lift and inspect the front bucket on the tractor. After lifting the front bucket, the Tractor, without a manned operator, shifted from neutral into second gear causing the Tractor to reverse and pin Mr. Blaker, III under the front left tire, killing him.

16. Defendants are in the business of designing, manufacturing, testing, distributing, marketing, and selling the Kubota M7060HD Tractor and Kubota Loader, including the Subject Tractor and Loader.

17. Defendants had a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, market, and sell the Subject Tractor and Loader in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and foreseeably under ordinary circumstances would use the Subject Tractor and Loader, including the decedent.

18. Defendants breached their duty in one or more of the following ways:

    a. Failing to design and/or manufacture the Subject Tractor and Loader so as to prevent the tractor from suddenly shifting into gear from a neutral position without operator direction during foreseeable use and operation;

    b. Failing to design and/or manufacture the Subject Tractor and Loader with an adequate gearbox and/or neutral safety switch, so as to prevent the Tractor from suddenly shifting into gear from a neutral position without operator direction during foreseeable use and operation;

  c. Failing to design and/or manufacture the Subject Tractor and Loader so as to be reasonably operationally safe for their intended and foreseeable use and operation;

  d. Failing to provide adequate warning of the dangerous and defective design and/or manufacture of the Subject Tractor and Loader;

  e. Failing to adequately test and/or inspect the Subject Tractor and Loader;

  f. Failing to incorporate technologically feasible and readily available alternative designs which would prevent the Subject Tractor and Loader from suddenly shifting into gear from a neutral position without operator direction;

  g. Failing to recall and/or retrofit the Subject Tractor and Loader, although Defendants knew or should have known of the above-described defects; and

  h. Failing to warn foreseeable users, operators, and consumers of the defective and unreasonably dangerous condition of the Subject Tractor and Loader, though Defendants knew or should have known of such defective and unreasonably dangerous condition as set forth above.

19. As a direct and proximate result of the foregoing acts and omissions by Defendants, Plaintiff Robin Downing has suffered the wrongful death of their father, has lost his love and affection, has incurred funeral and burial expenses, has lost financial support, and has suffered other compensable damages under Indiana law.

20. Plaintiff Judy Schuntube, a dependent of the decedent, Forrest Blaker, III, resided with Mr. Blaker at the time of his death. Ms. Schuntube is legally blind and was dependent upon Mr. Blaker as she required a need and necessity of support. The decedent provided Ms. Schuntube with many of her daily needs such as different amounts of money, food, clothing, shelter, and other tangible and material contributions. She relied upon Mr. Blaker to sustain her existence on a day-to-

5

      day basis. Ms. Schuntube lost the financial support and services of Mr. Blaker and suffered other compensable damages under Indiana law.

21. As a direct and proximate result of the foregoing, Plaintiffs suffered the injuries set forth herein, and therefore demand judgment against Defendants, for compensatory damages, reasonable costs, interest and for such other and further relief as the Court may deem just and proper, and demand a trial by jury of all issues triable as of right by jury.

WHEREFORE, Plaintiffs, by counsel, respectfully request that judgment be entered in their favor and against Defendants in an amount that willy fully and fairly compensate Plaintiffs for their injuries and damages proven, for costs of this action, and for all other relief proper in the premises.

Respectfully submitted,

HOVDE DASSOW & DEETS, LLC

By: *s/Robert T. Dassow*
     Robert T. Dassow, #15145-64
     10201 N. Illinois Street, Suite 500
     Indianapolis, IN 46290
     Telephone: (317) 818-3100
     Facsimile: (317) 818-3111
     Email: Rdassow@hovdelaw.com

*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs, Robin D. Downing, Administrator of the Estate of Forrest Blaker, III, and Judy Schuntube, by counsel, respectfully request a trial by jury.

                                                  HOVDE DASSOW & DEETS, LLC

By:   *s/Robert T. Dassow*_____
       Robert T. Dassow, #15145-64
       10201 N. Illinois Street, Suite 500
       Indianapolis, IN 46290
       Telephone: (317) 818-3100
       Facsimile: (317) 818-3111
       Email:  Rdassow@hovdelaw.com

*Attorney for Plaintiffs*