UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBIN D. DOWNING, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 3:23-CV-394-HAB |
| | ) |
| KUBOTA TRACTOR CORPORATION | ) |
| and MORE FARM STORE, INC., | ) |
| | ) |
|    Defendants. | ) |

**OPINION AND ORDER**

Plaintiffs allege that Forest Blaker, III, ("Blaker") was killed when a farm tractor manufactured by Defendant Kubota Tractor Corporation ("Kubota") and sold by Defendant More Farm Store, Inc., ("More") malfunctioned. Plaintiffs sued both Defendants in Pulaski County, Indiana, Superior Court, alleging violations of the Indiana Product Liability Act ("IPLA"). Defendants removed the suit to this Court based on diversity jurisdiction. Plaintiff now moves to remand because both Plaintiffs and More are citizens of Indiana. (ECF No. 14) Defendants respond that More's citizenship can be disregarded under the doctrine of fraudulent joinder. (ECF No. 15). Plaintiff failed to file a reply, so the motion is now fully briefed and ready for ruling.

**I.       Plaintiff's Allegations**

First things first: the parties agree that Plaintiff Robin Downing and More are both citizens of Indiana for jurisdictional purposes. If More's citizenship is considered, this case must be remanded.

Kubota is the U.S. marketer and distributor of Kubota-branded machinery and equipment. More owns and operates a retail store in Columbia City, Indiana, where it sells tractors, mowers, utility vehicles, construction equipment, and other machinery.

In June 2021, Blaker bought a Kubota tractor from More. Three months later, Blaker was operating the tractor when he got off the tractor to lift and inspect the front bucket on the tractor. Plaintiffs allege that, after lifting the front bucket, the tractor shifted from neutral into second gear, causing the tractor to revers and pin Blaker under the front left tire. Blaker died from his injuries.

Plaintiffs allege that Defendants "had a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, market, and sell the Subject Tractor and Loader in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and foreseeably under ordinary circumstances would use" the tractor. (ECF No. 5 at 4). Plaintiffs then allege several violations of those duties, including negligent design and manufacture, failure to provide adequate warnings, failure to test, and failure to recall and retrofit. (*Id*. at 4–5).

## II.   Legal Discussion

A defendant may remove any civil action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441. The federal district courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). "[The] district courts may not exercise jurisdiction absent a statutory basis," *id*., and the removing party "bears the burden of establishing federal jurisdiction," *Tylka v. Gerber Prods. Co*., 211 F.3d 445, 448 (7th Cir. 2000). Defendants allege that jurisdiction is appropriate pursuant to 28 U.S.C. § 1332 which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

As noted above, Defendants admit that complete diversity is lacking but removed the matter under the fraudulent joinder doctrine, which "permits a district court considering removal

2

'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (first quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999), then citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir. 1999)). The fraudulent joinder doctrine imposes a burden far more stringent than that ordinarily imposed on a removing defendant. *See Schur*, 577 F.3d at 764.

"Fraudulent," in this context, is a term of art. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). A defendant invoking the doctrine must show that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Schur*, 577 F.3d at 764. (emphasis and internal quotation omitted). The Court must look at both the facts alleged and the law governing the complaint to determine whether Plaintiffs have "some chance of success" on their claims under state law. *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015); *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) ("Under the fraudulent joinder doctrine . . ., an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has 'no chance of success.'"). A plaintiff's motive in naming a non-diverse defendant is not relevant. *Poulos*, 959 F.2d at 73.

A removing defendant may present uncontested evidence to show that the facts of the case preclude a plaintiff's claim against a nondiverse defendant. For example, where a removing defendant provides an uncontroverted affidavit establishing that a nondiverse defendant had "absolutely nothing to do with" the claims raised by the plaintiff, the lack of diversity does not prevent removal. *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 655 (7th Cir. 1992). In those cases, the plaintiff's claim against the nondiverse defendant fails because the

undisputed evidence shows that the plaintiff could not factually establish an essential element of the claim. *See id*.

Fraudulent joinder may also apply when a plaintiff's claim against the nondiverse litigant has no reasonable legal merit, such as when a plaintiff sues an entity who cannot be held liable under established state law. *See Poulos*, 959 F.2d at 73–74 (applying fraudulent joinder to disregard parent company's citizenship where plaintiff sued parent company for injury allegedly caused by subsidiary). "At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Id*., 959 F.2d at 73. This "act of prediction" is similar to, but more stringent than, a federal court's duty to resolve questions of state law once diversity jurisdiction has been established. *See Comm. Bank of Trenton v. Schnuck Markets, Inc*., 887 F.3d 803, 811 (7th Cir. 2018) ("Under *Erie*, our role in deciding these questions of state law is to predict how the highest courts of the respective states would answer them.") (citation omitted).

Defendants argue that More cannot be liable because More was an "innocent seller" under the IPLA.[1] Indiana Code § 34-20-2-3 provides, "[a] product liability action based on the doctrine of strict liability in tort may not be commenced or maintained against a seller of a product that is alleged to contain or possess a defective condition unreasonably dangerous to the user or consumer unless the seller is a manufacturer of the product or of the part of the product alleged to be defective." The only circumstance where a "principal distributor or seller" can be held liable is where the Court "is unable to hold jurisdiction over a particular manufacturer of a product." Ind. Code § 34-20-2-4.

---

[1] The IPLA "governs all actions brought by a user or consumer of a product . . . for physical harm caused by the product, 'regardless of the substantive legal theory or theories upon which the action is brought.'" *Ind. Farm Bureau Ins. v. Amazon.com, Inc*., 498 F. Supp. 3d 1075, 1077-78 (S.D. Ind. 2020)

> Plaintiffs' response to the "innocent seller" defense is one paragraph. They argue:
>
> > More is the exclusive seller of Kubota tractors. More sold the Kubota equipment at issue in this case. More was solely involved in the training and verbal warnings, related to the subject tractor. Further, More may have potentially concealed that the subject tractor did not have a safety switch or any other protection for the anticipated user who got off the tractor.

(ECF No. 14 at 6). Plaintiffs cite to no case law that would make any of these allegations relevant to the fraudulent joinder analysis.

Even if the Court assumes that Plaintiffs' factual arguments are correct, it finds no basis for liability. Indiana law is clear that, absent the single statutory exception, retailers are beyond the reach of the IPLA. *See*, *e.g.*, *Heritage Operating, L.P. v. Mauck*, 37 N.E.3d 514, 523–24 (Ind. Ct. App. 2015); *Duncan v. M & M Auto Serv., Inc.*, 898 N.E.2d 338, 342 (Ind. Ct. App. 2008). Based on the facts alleged, the Court finds no reasonable possibility that a state court could find against More.

This is not to say that the Court could imagine a set of facts where More could be liable. Say, for instance, More removed a manufacturer-installed safety switch before selling the tractor to Blaker. This fact could make More a "manufacturer" for purposes of the IPLA. *See* Ind. Code 34-6-2-77(a)(3). The same could be said if More had "actual knowledge" of a product defect. *Id*. at (a)(1). But Plaintiffs have not alleged either circumstance, and Defendants are under no duty to "negate any possible theory" of liability. *See Poulos*, 959 F.2d at 74. The Court finds that More was fraudulently joined, and that jurisdiction is appropriate here.

### III.     Conclusion

For these reasons, Plaintiff's motion to remand (ECF No. 14) is DENIED. Defendant More Farm Store, Inc. is DISMISSED.

SO ORDERED on October 3, 2023.

                                             s/ *Holly A. Brady*
                                            CHIEF JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT